FILED

2015 Mar-26  PM 12:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA,
SOUTHERN DIVISION

| | | |
|---|---|---|
| STATE AUTO PROPERTY & CASUALTY   INSURANCE COMPANY, INC., ET AL., | * | |
| | * | |
| Plaintiffs, | * | |
| vs. | * | CASE NUMBER: _____ |
| QBE INSURANCE CORPORATION, ET AL., | * | |
| | * | |
| Defendants. | | |

## NOTICE OF REMOVAL

COMES NOW, the Defendant, Starr Indemnity & Liability Company ("Starr" and/or "Defendant"), pursuant to the provisions of 28 U.S.C. § 1441 (a) and (b) and 28 U.S.C. § 1446, files this Notice of Removal of this cause from the Circuit Court of Jefferson County, Alabama to the United States District Court for the North District of Alabama, Southern Division.  In support of this Notice of Removal, Defendant states as follows:

### Introduction and Background

1.     On August 8, 2014, Plaintiffs State Auto Property & Casualty Insurance Company, Inc. ("State Auto"), Penn-America Insurance Company ("Penn-America"), and Red Rock Realty Group ("Red Rock") filed this action in the Circuit Court of Jefferson County, Alabama (Complaint, included in State Court File, attached hereto as Exhibit "A").  The Complaint arises out of an insurance coverage dispute, and alleges that Defendants QBE Insurance Corporation ("QBE") and Starr owe insurance

coverage for an underlying lawsuit filed against Red Rock.  Id.

## Removal is Timely

2.     According to Alacourt, service was perfected on Starr on February 23, 2014.  The Complaint served on Starr was the first pleading received by Defendant setting forth the claims for relief on which this action is based.  Starr is filing this Notice of Removal within 30 days of service on it; thus, removal of this action is timely pursuant to 28 U.S.C. § 1446(b).  See also Murphy Brothers, Inc. v. Michetti Pipe Storing, Inc., 526 U.S. 344 (1999).

3.     No previous application for removal has been made.  Copies of all process, pleadings, and other papers served on or received by Defendant and the entire Circuit Court file for Jefferson County are attached hereto as Exhibit "A."  The Circuit Clerk of Jefferson County has been notified of this removal.

## Propriety of Removal to this Court

4.     The United States District Court for the Northern District of Alabama, Southern Division, encompasses the county in which the state court action is pending.  Thus, this Court is the proper venue for this action pursuant to 28 U.S.C. § 81(b)(3).

5.     This action is removable due to this Court's diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332(a) and 1441(b), which permit a party to remove a case to federal court where there is diversity of citizenship and the amount-in-controversy exceeds $75,000.00.

## Hamilton Must Be Realigned As A Plaintiff As Its Interests Are Identical To The Plaintiffs

6.     There will be complete diversity of citizenship in this case, once the

parties are properly aligned.  The underlying Complaint identified the named insured

of QBE and Starr's policies, Hamilton Assets Management ("Hamilton"), as a defendant.

However, Hamilton's interests are the same as the Plaintiffs, in that it too wants there

to be coverage afforded to Red Rock under the QBE and/or Starr policies at issue.

There is no other claim against Hamilton at issue in this case.  It is solely named in this

matter because it is the named insured under the policies for which Red Rock seeks

coverage against QBE and/or Starr.  Therefore, the Court should realign Hamilton as

a party-Plaintiff.  Once that is done, complete diversity of citizenship will be met in this

case.

       7.      In the underlying lawsuit for which this coverage dispute has arisen, Red

Rock filed a third-party complaint against Hamilton for QBE and/or Starr's alleged

failure to provide insurance coverage to Red Rock.  The pertinent allegations against

Hamilton read, in pertinent part, that:

> "[Hamilton has] failed to see that such insurance companies selected by
> it to provide its general liability insurance company would provide general
> liability insurance coverage to its additional insured."

(Exhibit "B" - Third Party Complaint, p. 3).  If coverage to Red Rock is found under QBE

and/or Starr's policies, then such claims against Hamilton would be moot.

       8.      The black letter rule for complete diversity turns on whether "there are

foreign entities on both sides of the action."  Iraola & CIA, S.A. v. Kimberly-Clark

Corp., 232 F.3d 854, 860 (11th Cir. 2000).  That does not mean, however, that this

Court is to assess diversity by simply looking at which parties fall on which side of the

"v." in the case name. City of Indianapolis v. Chase National Bank, 314 U.S. 63, 69

(1941).  Instead, the Court must "look to the true interest of the parties and the

positions asserted by them before the district court." <u>Weller v. Navigator Marine, Inc.</u>, 737 F.2d 1547, 1548 (11th Cir. 1984). If two parties are nominally placed on the plaintiff's side of the action, but have opposing interests in the outcome of the case, then the Court must realign those parties. *See* <u>City of Vestavia Hills v. Gen. Fid. Ins. Co.</u>, 676 F.3d 1310, 1313-14 (11th Cir. 2012).

9.      It is in Hamilton's best interests is for there to be coverage for Red Rock under the QBE and/or Starr policies. Because its interests are the same as the Plaintiffs in this case, the parties must be aligned together. Consequently, this Court should realign Hamilton as a Plaintiff.

## There Will Be Complete Diversity of Citizenship After Realignment of Hamilton As A Plaintiff

10.      For the purpose of determining diversity, a corporation is deemed to be a citizen of both the state of its incorporation and of the state where it has its principal place of business. 28 U.S.C. § 1332 (c)(l).

11.      The Complaint facially alleges that Plaintiff State Auto is an Ohio corporation, with its principal place of business in Ohio. (Complaint, p. 2). The Complaint facially alleges that Plaintiff Penn-America is a Pennsylvania corporation with its principal place of business in Pennsylvania. (Complaint, p. 2). Next, the Complaint facially alleges that Plaintiff Red Rock is an Alabama corporation with its principal place of business in Alabama. Similarly, the Complaint facially alleges Hamilton as an Alabama corporation with its principal place of business in Alabama.

12.      The Complaint also facially alleges that Defendant Starr is a Nevada

corporation with its principal place of business in New York.[1]  Finally, the Complaint

facially alleges that Defendant QBE is a Delaware corporation with its principal place

of business in New York.

13.     Thus, there is complete diversity among the parties.

### The Amount In Controversy Exceeds $75,000.00

14.     The Complaint seeks judgment against the Defendants well in excess of

$75,000.00.    Specifically, the underlying lawsuit upon which the Complaint for

coverage is based facially seeks recovery of at least $1,000,000.00.  (Complaint,

Exhibit "B", p. 4).  Assuming coverage for the underlying claim, which is denied, Starr's

insurance policy potentially has up to $1,000,000.00 in liability coverage.  (Starr Policy

declarations page, attached hereto as Exhibit "B").  Upon information and belief, QBE's

policy also has a $1,000,000.00 limit.  Consequently, the policies have more than

$75,000.00 in potential coverage, and the claims for coverage at issue seek more than

$75,000.00 in damages.

15.     Accordingly, the requisite amount-in-controversy requirement of

$75,000.00 for purposes of diversity jurisdiction is easily satisfied.  *See, e.g.,*

Federated Mut. Ins. Co. v. McKinnon Motors, 329 F.3d 805 (11th Cir. 2003) (analyzing

the insurance policy limits and corresponding damages claimed for amount in

controversy requirements).

### All Prerequisites for Removal under 28 U.S.C. § 1441 Have Been Satisfied

16.     As set forth above, this Notice of Removal has been filed within thirty

---

[1] Actually, Starr is a Texas corporation with its principal place of business in
New York, but there is still diversity.

(30) days of service on Defendant, the amount in controversy exceeds Seventy-Five Thousand and No/100 Dollars ($75,000.00), exclusive of interest and costs, and complete diversity will exist to the parties once Hamilton is properly aligned as a Plaintiff.

17.    Co-Defendant QBE, who has not yet been served with the Complaint or otherwise appeared, has been contacted and consents to this removal.[2]

18.    A copy of this Notice of Removal is being served on Plaintiffs and Hamilton and filed with the Circuit Court of Jefferson County, Alabama.

19.    If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and/or oral argument in support of its position that this case is removable.

WHEREFORE, Defendant Starr Indemnity & Liability Company, desiring to remove this case to the United States District Court for the Northern District of Alabama, Southern Division, being the district and division of said Court for the county in which said action is pending, pray that the filing of this Notice of Removal with the Clerk of the Circuit Court of Jefferson County, Alabama, shall effect a removal of said suit to this Court.

Respectfully submitted,

By: _____
        STEWART L. HOWARD (HOW 041)
        JONATHAN G. FESTA (FES 002)
        Attorneys for Starr Indemnity & Liability

---

[2]By virtue of giving this consent, QBE does not otherwise waive service, and/or make any appearance in this matter.

Page 6 of 9

Company


OF COUNSEL:
Stewart Howard, P.C.
Post Office Box 1903
Mobile, Alabama 36633
Telephone: (251) 431-9364
Facsimile: (251) 431-9368
Stewart@slhpc.com
Jonathan@slhpc.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the ___25<sup>-th</sup>___ day of March, 2015, I filed the foregoing document by filing it electronically via the AlaFile system, which will automatically forward a copy of the foregoing to all counsel of record in this matter.

Christopher J. Zulanas
L. Drew Lord
Friedman, Dazzio, Zulanas & Bowling, PC
3800 Corporate Woods Drive
Birmingham, Alabama 35242

Wm. Dudley Motlow, Jr.
Edward W. Payne
Porterfield, Harper, Mills, Motlow & Ireland
22 Inverness Center Parkway, Suite 600
Birmingham, Alabama 35242

QBE Insurance Corporation
c/o The Corporation Company
2000 Interstate Park, Suite 204
Montgomery, Alabama 36109

Hamilton Assets Management LLC
c/o Herschel Lanier Hamilton
Registered Agent for Hamilton Assets
Management LLC
1420 Seventh Avenue North
Birmingham, Alabama 35202

OF COUNSEL