# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| **STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY, INC.**, a company incorporated and organized under the laws of the State of Ohio, and **RED ROCK REALTY GROUP, INC.**, a corporation; **PENN-AMERICA INSURANCE CO** a corporation,<br><br>        Plaintiffs,<br><br>v.<br><br>**QBE INSURANCE CORPORATION** a corporation; **STARR INDEMNITY & LIABILITY COMPANY**, a corporation; **HAMILTON ASSET MANAGEMENT, LLC**, a limited liability company,<br><br>        Defendants. | **CASE NUMBER:**<br>**2:15-CV-00494** |

## JOINT MOTION FOR REMAND

Plaintiffs State Auto Property & Casualty Insurance Company ("State Auto"), Red Rock Realty Group, Inc. ("Red Rock"), and Penn-America Insurance Co. ("Penn-America") (collectively "Plaintiffs") file this Joint Motion for Remand pursuant to 28 U.S.C. § 1447(c) and in Response to Defendant Starr Indemnity & Liability's ("Starr") Notice of Removal pursuant to 28 U.S.C. § 1441 (a) and (b)

and 28 U.S.C. § 1446. In support of this Joint Motion for Remand, Plaintiffs state as follows:

1.     Starr removed this action from the Circuit Court of Jefferson County, Alabama, attempting to invoke this Court's diversity jurisdiction. However, there can only be complete diversity of citizenship among the parties if this Court realigns Hamilton as a party plaintiff. The Plaintiffs do not dispute that it is the duty of this Court to look beyond the pleadings and arrange the parties according to their sides in the underlying controversy. Rather, Plaintiffs submit that Hamilton's interests are adverse to their interests, and thus, Hamilton is properly aligned as a party defendant.

2.     First of all, it should be noted that some courts "have seriously questioned whether the procedural mechanism of 'realignment' can be used to support removal at all." Karp v. American Law Enforcement Network, LLC, No., CA 11-0449–CG–C, 2011 U.S. Dist. LEXIS 150949, 2011 WL 6963254, at *7 (S.D. Ala. Nov. 18, 2011) (quoting Salge v. Buchanan, C.A., No. C-07-212, 2007 U.S. Dist. LEXIS 37862, 2007 WL 1521738, at *4 n.5 (S.D. Tex. May 24, 2007)), *report & recommendation adopted*, 2012 U.S. Dist. LEXIS 2617, 2012 WL 38161 (S.D. Ala. Jan. 6, 2012). The Eleventh Circuit has given its district courts guidance as to how to balance the competing interests in the context of removal jurisdiction. See, City of Vestavia Hills v. General Fid. Ins. Co., 676 F.3d

1310, 1313 (11th Cir. 2012). There, the Court directed strict construction of removal statutes, requiring that all doubts about jurisdiction be resolved in favor of remand to state court. City of Vestavia Hills, 676 F.3d at 1313-1314. District courts are also required to determine the principal purpose of the underlying suit and the primary and controlling matter in the dispute. Id.

3. Here, the crux of the dispute with Starr, QBE and Hamilton is their failure to defend and indemnify State Auto and Penn America's insured, Red Rock, in the suit filed on July 25, 2013 and styled *Berry Perry v. Red Rock Realty Co., Inc., et al., 01-CV-13-902959*. In fact, Red Rock has filed a Third Party Complaint in the *Berry Perry* litigation for indemnity and breach of contract based upon Hamilton's failure to defend and indemnify Red Rock. [Third Party Complaint, submitted as Exhibit "A"]. And, importantly, Hamilton has answered that complaint, denying all allegations. [Answer, submitted as Exhibit "B"]. Thus, the Plaintiffs are clearly adverse to Hamilton.

4. Starr has cited City of Vestavia Hills, *supra,* for the general proposition of realignment. However, that case is inapposite and will not support realignment under the set of circumstances before this Court. There, the City of Vestavia Hills initially obtained a state court judgment against Cameron Development. After Cameron's insurer, General Fidelity, denied Cameron's claim for coverage (indemnity), the City then filed a direct action in state court against

General Fidelity (not a citizen of Alabama) and Cameron (an Alabama citizen). Thereafter, General Fidelity removed the action to federal court. Judge Proctor determined that Cameron should be realigned as a party plaintiff since its interests were the same as the City. In affirming that decision, the Eleventh Circuit noted that there was no longer any dispute between the City and Cameron and that the City was clearly not seeking any further relief from Cameron. City of Vestavia Hills, 676 F.3d at 1314. Thus, the realignment of Cameron to a party plaintiff was proper. Id.

5.  That's not the case here. This is not a declaratory judgment seeking payment of a judgment and there is still a dispute between the Plaintiffs and Hamilton as to the duty to defend. In actions involving the duty to defend, the interests of those parties seeking a defense (here State Auto, Penn-America and Red Rock) and those parties from whom a defense is sought (here Starr, QBE and Hamilton) are adverse and the adversity remains until after entry of judgment. See, Gulf Hauling & Constr., Inc. v. QBE Ins. Corp., 2013 U.S. Dist. LEXIS 70936, *16; 24-25 (S.D. Ala. May 20, 2013)(citing Preferred Chiropractic, LLC v. Hartford Casualty Insurance Co., 2011 U.S. Dist. LEXIS 57711 (S.D. Ill. May 31, 2011)). This lack of an underlying judgment coupled with a request that the insurer defend its insured is also the reason why Judge Proctor refused to realign an underlying plaintiff with the federal declaratory judgment action plaintiffs in Smith

v. Catlin Insurance Co., 2013 U.S. Dist. LEXIS 169109 (N.D. Ala. Feb. 13, 2013); see also, Sinclair v. Auto-Owners Ins. Co., 22 F.Supp.3d 1257 (N.D. Ga. 2014).

6. While this case does not fall squarely within the traditional insurer versus insured duty to defend scenario, it certainly is more analogous to that line of cases than the line of cases where indemnity for a judgment is sought such as in City of Vestavia Hills, supra. As such, Hamilton remains adverse to the Plaintiffs and should not be realigned as a party plaintiff in this action. That being the case, this Court lacks jurisdiction and must remand this matter to state court.

7. Notwithstanding the foregoing, the Plaintiffs submit that Starr failed to file its Notice of Removal within the 30-day time period prescribed by 28 U.S.C. § 1446 (b)(1). The Complaint for Declaratory Judgment was served on Starr on February 23, 2015. Starr's Notice of Removal is stamp filed March 26, 2015, one day after the time required by the rule. The thirty-day time limitation codified in FRCP 6(a)(1) must be strictly construed. See, Liebig v. DeJoy, 814 F. Supp. 1074 (M.D. Fla. 1993); see also, Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). This procedural defect warrants remand to state court.

8. Also, Subsection (b)(2)(A) of 28 U.S.C. § 1446 defines the procedural requirements in filing a notice of removal, including service and consent of all defendants. Specifically, subsection (b)(2)(A) states "[w]hen a civil action is

removed solely under section 1441 (a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). The "unanimity rule" requires all defendants to consent to the removal of a state civil action to federal court. <u>Russell Corp. v. Am. Home Assur. Co</u>., 264 F. 3d 1040, 1049 (11th Cir. 2001). Here, Hamilton has failed to consent in the removal. Hamilton was served prior to Starr's removal, on March 5, 2015. As demonstrated above, Hamilton is properly aligned as a party defendant, and as such, was required to consent in the removal. This procedural defect likewise warrants remand to state court. <u>See</u>, <u>Sinclair v. Auto-Owners</u>, 22 F.Supp.3d at 1263-64 (defendants that were not realigned as party plaintiffs were required to consent; their failure to consent to removal constituted a procedural defect requiring remand).

9. It has long been the rule that federal courts "must construe removal jurisdiction narrowly." <u>Beritiech v. Metropolitan Life Ins. Co</u>., 881 F.Supp 557, 559 (S.D. Ala. 1995); <u>see also,</u> <u>Holder v. City of Atlanta</u>, 925 F.Supp. 783, 784, citing <u>Kuhn v. Brunswick Corp</u>., 871 F.Supp. 1444, 1446 (N.D.Ga.1994) ("[r]emoval is a purely statutory right ... [and] a court should strictly construe removal statutes in favor of state court jurisdiction." ) To that end, the removing defendant bears the burden of establishing federal jurisdiction. <u>Beritiech</u>, *supra*; <u>Robinson v. Quality Ins. Co</u>., 633 F.Supp 572, 574 (S.D.Ala 1986); <u>Harris v.</u>

Huffco Petroleum, 633 F.Supp 250, 253 (S.D. Ala. 1986). Starr has failed to meet its burden of proving this Court has diversity jurisdiction. As such, the case must be remanded to state court for all further proceedings.

Respectfully submitted,

*s/Chris Zulanas*
Chris Zulanas [ZUL-001]
L. Drew Lord, III [LOR-003]
Attorneys for Plaintiffs: State Auto Property & Casualty Insurance Company and Red Rock Realty Group, Inc.

**OF COUNSEL:**
**FRIEDMAN, DAZZIO, ZULANAS & BOWLING, PC**
3800 Corporate Woods Drive
Vestavia Hills, Alabama 35242
(205) 278-7000
czulanas@friedman-lawyers.com
dlord@friedman-lawyers.com

*s/Wm. Dudley Motlow, Jr.*
Wm. Dudley Motlow, Jr.(ASB-1563-L59W)
Edward W. Payne (ASB-9722-A44E)
Attorneys for Plaintiffs: Penn-America Insurance Company and Red Rock Realty Group, Inc.

**OF COUNSEL:**
**PORTERFIELD HARPER MILLS MOTLOW & IRELAND, P.A.**
22 Inverness Center Parkway, Suite 600
Birmingham, Alabama 35242
(205) 980-5000 / (205) 980-5001 Fax
wdm@phm-law.com
ewp@phm-law.com

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY, INC., a company incorporated and organized under the laws of the State of Ohio, and RED ROCK REALTY GROUP, INC., a corporation; PENN-AMERICA INSURANCE CO a corporation, | ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NUMBER: 2:15-CV-00494 |
| QBE INSURANCE CORPORATION a corporation; STARR INDEMNITY & LIABILITY COMPANY, a corporation; HAMILTON ASSET MANAGEMENT, LLC, a limited liability company, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on **April 23, 2015**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Stewart L. Howard, Esquire
Jonathan G. Festa, Esquire
STEWART & HOWARD, P.C.
Post Office Box 1903
Mobile, Alabama 36633
(251) 431-9364 / (251) 431-9368 Fax

stewart@slhpc.com
jonathan@slhpc.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

QBE Insurance Corporation
Wall Street Plaza
88 Pine Street
New York, New York 10005

Hamilton Asset Management, LLC
Registered Agent: Herschell Lanier Hamilton
1420 7th Avenue North
Birmingham, Alabama 35203

                                            Respectfully submitted,

                                            *s/Wm. Dudley Motlow, Jr.*
                                            OF COUNSEL