FILED
2015 Aug-05 PM 04:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STATE AUTO PROPERTY & CASUALTY INSURANCE COMPANY, INC., et al., | )<br>)<br>)<br>) |
| Plaintiffs; | )    2:15-cv-00494-LSC |
| vs. | )<br>)<br>) |
| QBE INSURANCE CORPORATION, et al., | )<br>)<br>)<br>) |
| Defendants. | ) |

### Memorandum of Opinion

Before this Court is Plaintiffs State Auto Property & Casualty Insurance Company, Inc. ("State Auto"), Penn-American Insurance Company ("Penn-American"), and Red Rock Realty Group, Inc.'s ("Red Rock") motion to remand this case to the state court in Jefferson County, Alabama. (Doc. 5.) The motion has been fully briefed and is ripe for review. For the reasons stated below, Plaintiffs' motion is due to be granted.

### I. Background

In May 2009, Red Rock and Defendant Hamilton Assets Management, Inc. ("Hamilton") executed an agreement under which Red Rock managed an apartment

complex owned by Hamilton. According to Plaintiffs, the agreement required Hamilton to indemnify Red Rock from certain claims that might arise during its management of the apartment complex, and to obtain a general commercial liability policy that included Red Rock as an "additional insured." From November 1, 2010, to November 1, 2011, Hamilton held a commercial liability policy issued by Defendant QBE Insurance Corporation ("QBE"). From November 1, 2011, to November 1, 2012, Hamilton held a policy issued by Defendant Starr Indemnity & Liability ("Starr").

On July 25, 2013, Barry Perry ("Perry"), a tenant at the apartment complex in question, filed a lawsuit against Red Rock in state court, alleging violations of the Americans with Disabilities Act and the Fair Housing Act. Hamilton's insurers, QBE and Starr, subsequently denied any obligation to indemnify or defend Red Rock in the Perry litigation.[1] On November 30, 2014, Red Rock filed a third-party complaint against Hamilton asserting that, pursuant to the management services agreement between the parties, Hamilton was required to indemnify and defend Red Rock in the Perry litigation. On February 13, 2015, Plaintiffs Red Rock, Penn-American, and State Auto filed a declaratory judgment action in state court against Starr, QBE, and

---

[1] Defendants QBE and Starr later agreed to partially indemnify and defend Red Rock. However, the parties still dispute the extent of QBE and Starr's obligation.

Hamilton seeking indemnification and reimbursement of defense costs as an "additional insured" under the QBE and Starr policies. Defendant Starr removed this action to this Court on March 25, asserting diversity of citizenship under 28 U.S.C. § 1332 as the basis for federal jurisdiction. Plaintiffs filed their motion to remand on April 23, 2015.

## II.  Discussion

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). When federal courts could have original jurisdiction over an action, Congress also gives federal courts the power to exercise removal jurisdiction over civil actions originally filed in state court. 28 U.S.C. § 1441(a). Defendants QBE and Starr assert diversity jurisdiction under 28 U.S.C. § 1332 as the basis for removal. A case is generally removable based on diversity jurisdiction only when "there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). Furthermore, the Court must resolve any doubts about jurisdiction in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Univ. of S. Ala v. Am. Tobacco Co.*, 168 F. 3d 405, 411 (11th Cir. 1999).

Defendants QBE and Starr do not dispute that both Hamilton and Red Rock are citizens of Alabama. Thus, as currently aligned, the parties are not diverse for the purposes of 28 U.S.C. § 1332. However, QBE and Starr assert that their Co-Defendant Hamilton should be realigned as a plaintiff, thus making the parties completely diverse. "[F]ederal courts are required to realign the parties in an action to reflect their interests in the litigation." *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012); *see also id.* (noting that the parties themselves can neither create nor defeat diversity jurisdiction through improper designation of a party's interest). In determining whether the parties are properly aligned, the Court "look[s] beyond the pleadings . . . to the principal purpose of the suit and the primary and controlling matter in dispute." *Id.* at 1314 (internal quotations and citations omitted).

QBE and Starr argue that Hamilton should be realigned as a plaintiff because Hamilton would actually benefit from a finding that QBE and Starr have an obligation to indemnify and defend Red Rock pursuant to the insurance policies in question. QBE and Starr argue that this declaratory judgment action is really a dispute between insurance companies over who is principally responsible for indemnification and defense costs in the Perry litigation, and that Hamilton has as much incentive as

Plaintiffs to see that QBE and Starr pay the full amount owed, if any, to Red Rock.[2] Otherwise, Hamilton could find itself solely responsible for the indemnification and defense costs pursuant to the management services agreement between Hamilton and Red Rock.

In making this argument for realignment, QBE and Starr rely heavily on *City of Vestavia Hills v. Gen. Fidelity Ins. Co.*, 676 F.3d 1310 (11th Cir. 2012), a case in which the Eleventh Circuit affirmed a district court's realignment of parties in a declaratory judgment action so that the insured was aligned against its insurer. In *City of Vestavia Hills*, the plaintiff had previously won a judgment against the defendant-insured. The defendant's insurance company refused to pay the judgment, prompting the plaintiff to file a declaratory judgment action against both the insurance company and its insured. In affirming the realignment of the insured as a plaintiff to create complete diversity, the Eleventh Circuit emphasized that a judgment had already been entered against the insured in the underlying state court litigation at the time the declaratory judgment action was removed to federal court. Given that the plaintiff was seeking only to obtain insurance money to pay for an already-rendered judgment, there was

---

[2] QBE and Starr further assert that a finding against them would aid Hamilton in establishing a defense to the third-party complaint in the Perry litigation, since a finding that Red Rock was an "additional insured" under the commercial liability policies at issue would indicate that Hamilton performed its obligations under the management services agreement.

no longer a live controversy between the plaintiff and the defendant-insured. Consequently, the Eleventh Circuit reasoned that "the only thing that [the defendant-insured] could want out of this case is for [the plaintiff] to win." *See id.* at 1314. Thus, the court realigned the defendant-insured so that it was a plaintiff in the declaratory judgment action.

While QBE and Starr argue that *City of Vestavia Hills* advocates for realignment of the lone non-diverse defendant in this action (i.e., Hamilton), the circumstances here differ significantly from those in *City of Vestavia Hills*. Most importantly, there is still an on-going controversy in state court between Red Rock and Hamilton. The underlying litigation in this matter—including Red Rock's third-party complaint against Hamilton—is still pending. Red Rock's third-party complaint against Hamilton asserts that, pursuant to the services management contract, Hamilton was required to list Red Rock as an additional insured in its commercial liability policies. Hamilton has denied these allegations in its answer to the third-party complaint, and it is difficult to imagine how Red Rock would find itself listed as an "additional insured" if Hamilton did not agree to include Red Rock under the relevant policies. In other words, realigning Hamilton as a plaintiff in this action would defy common sense, as it would result in Hamilton taking one position in this declaratory judgment

action, while maintaining another position with respect to the claims brought against it in the still-pending third-party complaint.

Accordingly, Red Rock and Hamilton's interests are not "materially similar" to the extent that realignment is necessary. Rather, the instant action for declaratory judgment is simply an alternative means for Red Rock and its insurers to seek indemnification and defense costs from Hamilton and its insurers for the Perry litigation.

## III. Conclusion

For the foregoing reasons, Plaintiffs' motion to remand (Doc. 5) is due to be granted. This action is due to be remanded to the state circuit court in Jefferson County, Alabama. Costs are to be taxed as paid.

A separate Order will be entered.

Done this 5th day of August 2015.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
177822